Deaderick, J.,
delivered the opinion of the Court.
Plaintiff obtained a judgment against defendant before a Justice of the Peace of Marshall county, on the 22d of January, 1870, for $15.70. Within two days he went to the office of the Justice to take an appeal, but the Justice was absent from the county, and did not return until after the expiration of the time for taking an appeal.
*304 These facts are stated in the petition of plaintiff for a certiorari. It is further alleged that defendant is justly indebted to plaintiff in the sum of $45.84, for which the suit was brought, and that the judgment is unjust.
On this petition the Hon. A. M. Hughes, Judge, etc., ordered a certiorari to issue, on the 23d of February, 1870; and bond and security were given at that date in the office of the Clerk of the Circuit Court of said county.
At the October Term, 1870, the plaintiff, by leave of the Court, filed an amended petition, setting out that he had at the preceding February Term of said Court filed his original petition for a certiorari in this case, and in addition to the allegations of the original petition, he states that he - had executed a bond for appeal, but that the appeal was dismissed by the Circuit Court because the bond was executed after the time allowed for an appeal. Thereupon he immediately, at the first term of the Circuit Court after the rendition of the judgment by the Justice, filed his original petition. It does not appear from the record that any notice was given defendant of the filing of the petition previously to the June term of the Court.
At the same term, October, 1870, of the Court, at which the amended petition was filed, the defendant entered a motion to dismiss the original and amended petitions, which motion, on argument, was allowed, and the petitions were dismissed, from which judgment plaintiff appealed to this Court.
*305 Neither the motion nor the judgment of the Court dismissing the petitions discloses the ground of the action of the Court.
The argument here in support of the judgment is, that the certiorari was not applied for before the next term after the rendition of the judgment by the Justice; and further, that the petitions do not disclose facts from which it may be seen that the judgment of the Justice did plaintiff injustice.
In 10 Hum., 440, it is held that the certiorari is given as a substitute for appeal, and that unless there be sufficient legal excuse, it ought to be used so as to bring the case up to the first term of the Circuit Court after judgment.
But this is not always practicable, and for sufficient reasons accounting for the delay, the certiorari may be granted ■ at the second, or any subsequent term.
In that case the Court say: “it is diligence to bring up the proceeding the first term after the judgment.” This language would imply that the certio-rari ought to be obtained before the beginning of the term, in order that the cause might be brought up to the term succeeding the judgment. See also Lanier v. Sullivan, 1 Head, 442. But in the cases, 9 Hum., 121; 1 Head, 625, it is distinctly held that the certiorari when used as the substitute for an appeal, may be applied for at the first term of the Circuit Court after the rendition of the Justice’s judgment. And in the apparent conflict of these cases, we are content to follow the rule as laid down in *306 the' two last cited, and to hold that the application is in time when made at or during the term next succeeding the judgment complained of.
Whether the application be made in open court, and an order entered upon record, for the issuance of the process, or whether the .fact of the Judge's granting the process be endorsed upon the petition, and bond and security thereupon given to the Clerk during the term, is, we think, immaterial. The course of the subsequent proceedings in either case is the same.
The amended petition shows that the writs of certiorari and supersedeas were granted by the Judge during the February Term of the Court, and bond! and security then given; and upon motion to dismiss, the petition is to be taken as true, and both the original and amended petitions are to be considered in determining the motion. We are therefore of opinion that the petitions should not have been dismissed upon the ground that they were not filed in time.
The original petition states that defendant is justly indebted to plaintiff in the sum of $45.84, the amount of the debt upon which said suit was brought, and that he is not entitled to any credits thereon, but that the same is now due and unpaid; also that the Justice gave him a judgment for $15.70 only, and that said judgment was unjust.
In this statement, the plaintiff shows the amount of the debt justly due to him, and that the Justice only gave him a judgment for about one-third of the amount, and that for this reason he complains of the judgment.
*307 We think that the allegation shows sufficient merits, and that it is not necessary that the plaintiff should in his petition set forth the items of his account. We hold, therefore, that the judgment of the Circuit Judge was erroneous, and remand the cause for further proceedings.